Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| RICHMARIE MARRERO VÁZQUEZ<br><br>Recurrida<br><br>v.<br><br>JESÚS MIGUEL BORGES TORRES<br><br>Peticionario | TA2025CE00291 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón, Salas de Familia y Menores<br><br>Caso Núm.: BY2022RF01344<br><br>Sobre: Filiación y Solicitud de Alimentos |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Comparece Jesús Miguel Borges Torres (en adelante, peticionario o señor Borges Torres) mediante un *Recurso de Certiorari* para solicitarnos la revisión de la *Minuta-Resolución,* emitida el 18 de junio de 2025 y notificada el 11 de julio de 2025.[1] así como la revisión de la *Resolución,* emitida el 9 de julio de 2025, reducida a escrito el día 15, del mismo mes y año, y notificada ese mismo día 15,[2] ambas por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI).

Mediante la *Minuta-Resolución* recurrida, el foro de instancia: (i) señaló una vista de seguimiento; (ii) ordenó a las partes del título a reunirse para auscultar acuerdos en torno a las controversias pendientes en el caso; (iii) requirió a dichas partes a presentar alternativas educativas para la menor, hija de las partes, y (iv) refirió el caso al Examinador de Pensiones Alimentarias (EPA). Por otro

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 38.
[2] *Íd.*, a la Entrada Núm. 40.

lado, mediante la *Resolución* recurrida, el tribunal de instancia dispuso que cada progenitor aportaría el 50% por ciento de los gastos de educación de la menor mientras se celebraba la vista ante el EPA y se determinaba otra cosa. Sobre la *Minuta-Resolución*, el peticionario instó una oportuna solicitud de reconsideración,[3] la cual fue denegada mediante *Resolución*, emitida el 29 de julio de 2025 y notificada al día siguiente.[4]

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

I

El presente caso tuvo su génesis cuando, el 26 de julio de 2022, Richmarie Marrero Vázquez (en adelante, recurrida o señora Marrero Vázquez) presentó una *Demanda* contra el peticionario sobre filiación y alimentos. Durante los trámites procesales relacionados al caso, se logró el reconocimiento por parte del peticionario, de la menor LMBM (menor), nacida el 13 de diciembre de 2021. Lo anterior, tuvo como efecto que las partes presentaran una estipulación al Tribunal,[5] la cual fue aceptada. De ahí, el 18 de octubre de 2022, notificada al día siguiente, el tribunal de instancia dictó *Sentencia*.[6] Mediante la antedicha *Sentencia*, el foro de instancia acogió los acuerdos presentados por las partes por lo que estableció relaciones paterno filiales presenciales y virtuales, asimismo dispuso que, cualquier asunto relacionado a tratamiento médico, educación y actividades extracurriculares de la menor, sería consultado, discutido y acordado entre los progenitores. Además, estableció que el padre completaría cualquier documento que fuese necesario para que la menor pudiese viajar con su madre, cuando fuese necesario.

---

[3] SUMAC TPI, a la Entrada Núm. 46.
[4] *Íd.*, a la Entrada Núm. 51.
[5] *Íd.*, a la Entrada Núm. 8.
[6] *Íd.*, a la Entrada Núm.10.

Por otro lado, en términos de pensión alimentaria, y dado al acuerdo entre las partes, el foro de instancia estableció que el peticionario pagaría una pensión alimentaria de $300.00 dólares mensuales, así como que contribuiría con la mitad de los gastos extraordinarios de la menor, en los que fuese necesario incurrir.

De lo que se desprende de los autos, se suscitó una controversia sobre alegada deuda de pensión alimentaria, la cual fue atendida en una vista celebrada el 22 de abril de 2025.[7] Según se desprende de la *Minuta*,[8] en dicha vista se discutieron asuntos relacionados a la escuela en la cual estudiaba la menor, y si existía o no obligación de pago. El tribunal estableció que existía controversia y señaló una vista evidenciaria para el 18 de junio de 2025.

Producto de la vista celebrada, el foro de instancia dictó el *primer* dictamen recurrido, entiéndase, la *Minuta-Resolución*, emitida el 18 de junio de 2025, notificada el 11 de julio de 2025.[9] En la referida vista, el foro *a quo* emitió determinación en cuanto a una deuda de pensión alimentaria. Ahora bien, en lo atinente, se desprende, del documento objeto de revisión, que el peticionario aceptó pagar la mitad de la matrícula y de los gastos de regreso a la escuela, pero se opuso a que se le impusiera el pago de mensualidades escolares.[10] Dado a lo anterior, el tribunal de instancia dispuso un término para que las partes se reunieran y trataran de llegar a algún entendido y, de no ser así, tendrían vista el 9 de julio de 2025. Como parte del dictamen, ordenó a las partes a que, antes del 3 de julio de 2025, informaran las alternativas educativas, con la información sobre ubicación, horario, costos y

---

[7] SUMAC TPI, a la Entrada Núm. 31.
[8] *Íd.*
[9] *Íd.,* a la Entrada Núm. 38.
[10] También informó que no podía cuidar a la menor en el verano, ni tenía alternativas qué ofrecer, por lo que el tribunal de instancia le concedió término para presentar alternativas.

todo lo pertinente. Además, refirió el caso al EPA para revisión de pensión alimentaria, por cambio sustancial en las circunstancias.

Conviene mencionar que, entretanto, el foro de instancia tuvo también ante su consideración una controversia relacionada al cuido de la menor durante el verano.[11] En atención a ello, mediante *Orden*, emitida y notificada el 23 de junio de 2025, autorizó un cuido y campamento de verano para la menor, asimismo se le requirió al peticionario el pago de la mitad del gasto relacionado a este particular.[12]

De ahí, el 7 de julio de 2025, la recurrida presentó un escrito en el cual informó que el peticionario no se había comunicado para intentar dirimir las controversias, según ordenado, ni había provisto alternativas.[13] En lo atinente, esbozó que su petición era que la menor se mantuviese en la institución educativa privada en la cual estudiaba actualmente,[14] y proveyó la información requerida por el tribunal. Además, solicitó que se impusiera al peticionario la obligación económica, con relación a los gastos educativos de la menor. Según se desprende de los autos, el peticionario no presentó escrito alguno al respecto.

Así las cosas, el 9 de julio de 2025, se celebró la anticipada vista.[15] Llamado el caso, el foro primario expresó que atendería el asunto de la institución educativa en la cual la menor cursaría sus estudios. Según se desprende de la *Minuta* de la vista,[16] el peticionario informó que tenía dos alternativas: (i) que la menor se mantuviese en la escuela en la cual estaba matriculada, y que se le ordenara cubrir el 50% por ciento de la matrícula y efectos escolares, o (ii) alegó tener otra alternativa de escuela, pero que la misma

---

[11] SUMAC TPI, a las Entradas Núm. 32 y 38.
[12] *Íd.*, a la Entrada Núm. 33.
[13] *Íd.,* a la Entrada Núm. 36.
[14] My First Bilingual School Inc.
[15] SUMAC TPI, a la Entrada Núm. 39.
[16] *Íd.*

estaba cerrada hasta el 14 de julio de 2025, por lo que no pudo buscar la información.[17] En reacción, la recurrida solicitó que se ordenara al peticionario a cubrir el 50% por ciento de los gastos educativos totales de la menor en el colegio en el cual actualmente se encuentra matriculada.

Escuchadas las partes, el foro de instancia estableció que la única alternativa y opción educativa presentada, a la fecha de la vista, era la institución en la cual actualmente estaba matriculada la menor. A tenor: (i) autorizó a que la menor fuese matriculada en la antedicha institución educativa, y (ii) dispuso que hasta tanto no se atendieran los asuntos ante el EPA y se determinara la proporción que cada progenitor debía aportar, cada uno lo haría a razón de un 50% por ciento, con relación a todos los gastos que no tuviesen que ver con la pensión regular.

Luego, el mismo día de la vista, pero, transcrita el 15 de julio de 2025,[18] el tribunal de instancia emitió el *segundo* dictamen recurrido, entiéndase la *Resolución*, notificada ese mismo día 15.[19] En su dictamen, el referido foro autorizó a que la menor fuese matriculada en la institución educativa My First Bilingual School, Inc., a partir del mes de agosto de 2025. Además, estableció que, cónsono a lo que surge de la *Sentencia* emitida en este caso, cada progenitor aportará en igual proporción, es decir, a razón de un 50%, por lo que incluyó como obligación los gastos de educación de la menor, incluyendo y sin limitarse a matrícula, mensualidad, materiales, uniformes, libros, cuota, etc., mientras se celebra la vista ante el EPA y se determina otra cosa.

---

[17] Se desprende de los autos que el peticionario no cumplió con lo ordenado en la *Minuta-Resolución*, emitida el 18 de junio de 2025, a los fines de presentar alternativas educativas para la menor previo a la vista. Véase el SUMAC TPI, a la Entrada Núm. 38.

[18] SUMAC TPI, a la Entrada 40.

[19] *Íd.*

Así las cosas, el EPA calendarizó la vista de revisión de pensión alimentaria para el 22 de julio de 2025.[20]

Insatisfecho con el curso decisorio del tribunal *a quo*, el 17 de julio de 2025, el peticionario interpuso una *Moción solicitando reconsideración de la "minuta-resolución" con fecha del 18 de junio de 2025, archivada en autos copia de su notificación el 11 de julio de 2025*.[21] Esbozó, en síntesis, que no procedía la revisión de pensión alimentaria por cambio sustancial. Alegó que, como tal, procedía la revisión periódica de pensión alimentaria, pero, a partir del 18 de octubre de 2025, es decir, a partir del tercer año desde que se estableció la primera obligación alimentaria a favor de la menor. Acotó que la vista de revisión de pensión alimentaria debía señalarse a partir del 18 de octubre de 2025 y que, de aumentar la obligación alimentaria, debía ser computada a partir de esa fecha y no una antes.

En respuesta a la solicitud de reconsideración, mediante *Resolución*, emitida el 29 de julio de 2025, y notificada al día siguiente, el tribunal de instancia declaró la misma *No Ha Lugar*. Expresó, además, que, en corte abierta, se estableció que el cambio sustancial obedecía a los gastos de educación y cuido de la menor.

Llegado el día de la vista ante el EPA y, según se desprende del Acta del EPA, las partes informaron no estar preparadas puesto a que no habían culminado el descubrimiento de prueba.[22] A tenor, la EPA recomendó al TPI un nuevo señalamiento de vista para el 23 de octubre de 2025.

Aun en desacuerdo, el 14 de agosto de 2025, el peticionario compareció ante este Tribunal de Apelaciones mediante un recurso de *certiorari* en el cual alzó los siguientes señalamientos de error:

---

[20] SUMAC TPI, a la Entrada Núm. 41.
[21] *Íd.*, a la Entrada Núm. 46.
[22] *Íd.,* a la Entrada Núm. 53.

A. El TPI cometió el error de establecer en su Resolución con fecha del 15 de julio de 2025, archivada en autos copia de su notificación en la misma fecha, lo siguiente:

Conforme a la Sentencia dictada Conforme a la sentencia dictada (sic) en el presente caso con fecha del 18 de octubre de 2022, ambos progenitores aportarán en igual proporción, es decir, 50% cada uno, en los gastos relacionados a la educación del menor incluyendo y sin limitarse a matrícula, mensualidad, materiales, uniforme, libros, cuotas, etc.

Esa determinación que hizo el TPI en dicha Resolución no existe en la Sentencia a la cual alude. Esa decisión es totalmente errada y equivocada **por no existir en la Sentencia.**

B. ERRÓ el Honorable Tribunal de Primera Instancia al referir el caso al Examinador para vista de revisión de pensión alimentaria, por cambio sustancial, cuando nunca se pasó prueba del cambio sustancial y el mismo no existe.

C. ERRÓ el Honorable Tribunal al no reconsiderar la Minuta-Resolución con fecha del 18 de julio de 2025 y sostenerse en su Resolución del 29 de julio de 2025, archivada en autos copia de su notificación el 30 de julio de 2025, donde estableció que el cambio sustancial obedecía a los gastos de educación y cuido de la menor, que ya determinado en la Minuta-Resolución con fecha del 18 de junio de 2025 archivada en autos copia de su notificación el 11 de julio de 2025[,] lo siguiente:

Conforme a la prueba presentada y escuchado el testimonio bajo juramento de las partes, el Tribunal establece que no se pasó la prueba suficiente para demostrar que se llegó al acuerdo formal entre las partes para la aportación del demandado a los gastos escolares.

El 25 de agosto de 2025, compareció la parte recurrida mediante *Oposición a petición de certiorari*. Con el beneficio de la comparecencia de ambas partes, procederemos a disponer del presente recurso.

II

**A. Expedición del Recurso de *Certiorari***

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[23] Esta Regla limita la autoridad

---

[23] 32 LPRA Ap. V, R. 52.1.

y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[24]
>
> [...].[25]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.
>
> [...].[26]

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[27] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[28] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para

---

[24] 32 LPRA Ap. V, R. 52.1.

[25] *Íd.*

[26] *Íd.*

[27] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[28] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

llegar a una conclusión justiciera".[29] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[30] Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

    A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

    C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[31]

El Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[32] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción,

---

[29] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).
[30] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.
[31] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[32] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).

o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[33]

Por último, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[34]

### III

El peticionario acude ante esta Curia para solicitarnos la revisión de dos (2) dictámenes los cuales, por encontrarse estrechamente relacionados, los discutiremos en conjunto. En esencia, el motivo por el cual se recurre del *primer* dictamen, entiéndase, la *Minuta-Resolución*, es porque el peticionario considera que el TPI se equivocó al referir el caso al EPA para una vista de revisión sin haberse establecido un cambio sustancial en las circunstancias y dado a que el foro de instancia no reconsideró lo actuado.

Por otro lado, recurre del *segundo* dictamen, entiéndase, de la *Resolución,* emitida y notificada el 15 de julio de 2025, mediante la cual autorizó la matrícula de la menor en la institución educativa My First Bilingual School y ordenó, de forma provisional, a que cada progenitor aportara el 50% de los gastos de educación de la menor, incluyendo y sin limitarse a matrícula, mensualidad, materiales, uniformes, libros, cuota, etc. Lo anterior, mientras se celebraba la vista ante el EPA y se determinara algo distinto. Razonó que, la proporcionalidad a imponerse a cada progenitor, de forma provisional, se haría a base de lo que surge de la *Sentencia* emitida en este caso, y la cual data del año 2022.

---

[33] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[34] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008)

Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[35] Puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[36] A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Además, esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[37]

Conforme se desprende de los autos ante el foro primario, al momento en que se estableció la pensión alimentaria, la menor aún no había cumplido su primer año de vida. A esta fecha, la menor cuenta con casi cuatro (4) años de edad. Se desprende de la *Sentencia* que, al momento en que se estableció la pensión alimentaria original, no se impuso obligación alguna por gastos educativos para la menor, empero, se impuso obligación para gastos extraordinarios con una proporción del 50% por ciento, para cada progenitor.

Del expediente también se desprende que durante los pasados meses se han suscitado desavenencias entre las partes sobre cuáles son las obligaciones que tiene cada progenitor en torno a la necesidad de cuido en el verano y educación de la menor. Visto la totalidad de los autos, es claro que, previo a los dictámenes

---

[35] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[36] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[37] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. págs. 59-60.

recurridos, no se había establecido una obligación legal, ni siquiera de forma provisional en torno a las antedichas necesidades de la menor. Vemos también que, producto de las vistas celebradas, y dado al impase de las partes en conciliar un acuerdo, el foro de instancia autorizó un cuido y campamento para la menor durante el pasado verano. De igual forma, tras celebrar una vista, autorizó la matrícula de la menor en la institución educativa a la cual hemos hecho referencia.

Ahora bien, en lo atinente a los errores esgrimidos y producto de lo resuelto, el tribunal *a quo* impuso a cada progenitor el pago de los gastos educativos a razón de un 50% por ciento, cada uno, y refirió el asunto al EPA. Tal y cual reza la *Resolución* recurrida, esta determinación constituye una provisional, la cual está sujeta a los procesos ante la consideración del EPA y posteriormente del juzgador de instancia.

Tras evaluar minuciosamente el recurso presentado por el peticionario, juzgamos que no procede la expedición del auto de *certiorari* solicitado. Esto, puesto a que es nuestra apreciación que no se configuran ninguna de las instancias que justificarían la expedición del referido auto, de acuerdo con la Regla 52 de Procedimiento Civil[38] y la Regla 40 del Reglamento del Tribunal de Apelaciones.[39] Los señalamientos de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en este caso. Por tanto, entendemos que esta no es la etapa del procedimiento más propicia para nuestra consideración. Además, razonamos que el peticionario no nos ha persuadido de que, al aplicar la norma de abstención apelativa, en este momento, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia. Los dictámenes recurridos se

---

[38] 32 LPRA Ap. V, R. 52.1.
[39] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. págs. 59-60.

encuentran dentro de los linderos de la sana discreción del foro recurrido, por lo que no procede que intervengamos con los mismos. Por todo lo antes mencionado, no atisbamos razón para intervenir.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari.* En consecuencia, se devuelve el caso al tribunal de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones